IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM KELLY MESSER II, | ) |
| | )            4:10CV3171 |
|          Plaintiff, | ) |
| | ) |
|          v. | )      MEMORANDUM AND ORDER ON |
| | )    PLAINTIFF'S APPLICATION FOR FEES |
| MICHAEL J. ASTRUE, Commissioner of | )       UNDER THE EQUAL ACCESS TO |
| Social Security Administration, | )             JUSTICE ACT |
| | ) |
|          Defendant. | ) |
| | ) |

       On November 16, 2011, the plaintiff filed an application for fees under section 204(d) of the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (See Pl.'s Application, ECF No. 29.) In his application, the plaintiff requested "an attorney's fee in the amount of $7,058.65, paralegal fees in the amount of $609.60 and [fees for] law clerk services in the amount of $225.00 for a total of $7,893.25." (Id. at 6.) He also requested that the fee award be paid to his attorney (as opposed to the plaintiff himself). (Id.) In response, the defendant conceded that a fee award is in order, but he argued that the fee sought by the plaintiff is excessive, and he objected to the plaintiff's "request that the EAJA award be made payable directly to [counsel]." (Def.'s Objection at 1, ECF No. 32.) In reply, the plaintiff not only defended the amount sought in the application, but also requested an additional award of $1,416.38. (See generally Pl.'s Reply, ECF No. 33.) For the following reasons, the plaintiff's application will be granted in part.

## ANALYSIS

       The EAJA authorizes an award of "fees and other expenses" to a "prevailing party" in a case against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). After carefully considering the record, I find that the plaintiff is a "prevailing party" within the meaning of the EAJA, that the defendant's position was not "substantially justified," and

1

that there are no special circumstances that would make an award unjust. The plaintiff is entitled to a fee award.

The amount of the award remains to be determined. The plaintiff submits that his attorney merits a fee in the amount of $7,058.65 for 38.85 hours of work performed between July 2010 and October 2011. (E.g., Pl.'s Index, Ex. 1 at 9, ECF No. 31-1.)[1] He also requests paralegal fees in the amount of $609.60, and lawclerk fees in the amount of $225.00. (See id. at 1-6.)[2] In support of his request, the plaintiff's attorney has provided a detailed itemization of the tasks that he and his staff performed in connection with this case, (see id. at 1-9), and an affidavit that thoroughly describes the allocation of work among his staff, outlines the circumstances that led to the remand of the case, and provides other background information, (see generally Pl.'s Index, Ex. 3, Speicher Aff.).

In opposition to the plaintiff's fee application, the defendant argues that the number of hours billed by the plaintiff's attorney is excessive because experienced attorneys "typically are awarded compensation for 30 to 40 hours for a fully-briefed case," and although the plaintiff's request falls within this range, this case was not "fully-briefed." (Def.'s Objection at 2, ECF No. 32.) The defendant notes that because the Commissioner "sought voluntary remand in this case," the plaintiff "did not have to finish his principal brief . . . and did not have to prepare a reply brief." (Id. at 2-3.)

---

[1] The amount of the attorney's fee is based on rates ranging from $175.02 per hour to $182.15 per hour. To arrive at these rates, the plaintiff's attorney calculated cost of living adjustments for each month during which he worked on the case and applied those adjustments to the statutory rate of $125.00 per hour, which was established in March 1996. (See Pl.'s Index, Ex. 1 at 9, ECF No. 31-1; Pl.'s Index, Ex. 2, ECF No. 31-2; Pl.'s Index, Ex. 3, Speicher Aff. ¶¶ 7-8, ECF No. 31-3; Pl.'s Reply at 21, ECF No. 33; Pl.'s Supp. Index, Ex. 8, ECF No. 34-2.) The defendant does not contest the plaintiff's proof of increases in the cost of living since the statutory rate was established, and I find that the rates submitted by the defendant are justified. See 28 U.S.C. § 2412(d)(2)(A)(ii); Johnson v. Sullivan, 919 F.2d 503, 505 (8th Cir. 1990) ("We hold that where, as here, an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the amount specified in the EAJA], enhanced fees should be awarded.").

[2] The request for $609.60 in paralegal fees is based on the work of two paralegals. The first performed 23.58 hours of work at a rate of $25.00 per hour, and the second performed 1.34 hours of work at a rate of $15.00 per hour. (See Pl.'s Index, Ex. 1 at 1-6, ECF No. 31-1.) The request for $225.00 in law clerk fees is based on 11.25 hours of work performed at a rate of $20.00 per hour. (See id. at 6.)

The defendant's points are well-taken. It is true that the case was remanded before the plaintiff completed and filed his opening brief, and it is also true that the attorney hours itemized in the application approach the upper bound of the range suggested by the defendant. Although there is no shortage of examples that fall beyond this range, it does provide a reasonable, useful guidepost for evaluating fee applications, and requests that exceed this range may invite heightened scrutiny. On the other hand, the hours claimed in the plaintiff's application are not plainly disproportionate to the hours claimed in "typical" cases, and it does not necessarily follow that the plaintiff's application includes excessive, redundant, or otherwise unnecessary time expenditures merely because it approaches forty hours. Under the circumstances, I find that a careful examination of the fee application is warranted, but I shall not reduce the attorney's fee award based solely on its relationship to awards that were approved in other cases.

The defendant argues next that the number of attorney hours claimed is excessive because "the issues in this case were not novel or overly complex." (Def.'s Objection at 3, ECF No. 32.) It is fair to say that a straightforward error ultimately led to the remand, but the record suggests that the error was not easily detected. It seems that in denying the plaintiff's claim, the ALJ relied on a medical evaluation that did not pertain to the plaintiff. (See Br. in Supp. of Mot. to Remand, ECF No. 25.) Evidently, this error went unnoticed by the defendant until the plaintiff's attorney discovered it while preparing his opening brief and brought it to the Commissioner's attention. (See Pl.'s Reply at 4-6, ECF No. 33.) Thereafter, the Commissioner moved to remand the case for further proceedings. (See ECF Nos. 24-25.) In short, the remand resulted directly from the thorough work of the plaintiff's counsel, and the defendant rendered the plaintiff's lawsuit necessary by failing to identify the problem himself. Under the circumstances, it is difficult for the defendant to claim now that the simplicity of this case warrants a reduced fee. I shall not reduce the hours on the ground that the case was a simple one.

The defendant argues that "although the transcript was 689 pages long, it contained numerous pages of . . . materials that did not require summarization," and "an experienced Social Security practitioner could be reasonably expected to sift through the records in a reasonable amount of time." (Def.'s Objection at 4, ECF No. 32.) More specifically, the defendant claims that it is not reasonable for counsel to seek "reimbursement for 21.05 attorney hours plus an unspecified portion of 2.8 hours

. . . to review and summarize the record," because this amounts "to an award of more than $4,000 just to summarize the record." (Id. at 4-5.) By my calculations, counsel claims to have spent 13.65 hours reviewing the record (1.70 + 0.90 + 2.50 + 0.75 + 3.10 + 3.60 + 1.10), and another 11.1 hours drafting the portions of the opening brief that include the "introduction and statement of medical history" (2.80 + 8.30). (See Pl.'s Index, Ex. 1 at 7-8, ECF No. 31-1.) I find that the amount of attorney time spent reviewing the record and drafting the "medical history" portion of the brief is reasonable given the size of the record, the drafting progress made by counsel prior to the remand,[3] and the fact that counsel was unfamiliar with the case because he did not represent the plaintiff during the administrative proceedings. This portion of the plaintiff's request will not be adjusted.

     I agree with the defendant, however, that the plaintiff's fee application does include attorney hours that are "excessive" and "should not be charged to the government." (Def.'s Objection at 4, ECF No. 32.) As noted in the preceding paragraph, the record shows that the plaintiff's attorney committed substantial work to the drafting of the opening brief before the case was remanded. Although the brief was not completed, the draft spans approximately 26 pages. (See Pl.'s Supp. Index, Ex. 9, ECF No. 34-3.) In the main, these pages consist of an introduction, a lengthy review of the plaintiff's medical history, and an incomplete argument that the ALJ used the incorrect standard at step five of the sequential analysis. (See generally id.) However, the fee application includes requests for attorney hours associated with the drafting of not one, but four arguments. (See Pl's Index, Ex. 1 at 8, ECF No. 31-1.) In light of this discrepancy, I shall strike all entries in the attorney's fee request that include references to the drafting of arguments that do not appear in Exhibit 9. This adjustment results in a deduction of 7.75 attorney hours from the request (2.20 + 1.60 + 1.65 + 2.30 = 7.75), or $1,411.66 at the rate specified by the defendant ($182.15 per hour for September 2011).

     The defendant argues that a further reduction is necessary because counsel claims to have spent "2.3 hours of attorney time to draft an argument that the ALJ applied the wrong standard for determining residual functional capacity, a routine argument that Plaintiff's attorney raises in many

---

[3] Although the plaintiff's opening brief was not filed, counsel submitted a copy of the draft of the brief for my review. (See Pl.'s Supp. Index, Ex. 9, ECF No. 34-3.) This allowed me to make a fair assessment of the drafting hours claimed in the fee application.

cases." (Def.'s Objection at 5, ECF No. 32.) I disagree. After reviewing the draft of the plaintiff's opening brief, I find that the argument in question was not the "routine" RFC argument that appears frequently in Social Security cases, and the hours associated with this drafting work are not excessive.

Next, the defendant objects to the plaintiff's requests for "3.08 hours of paralegal time to determine whether [the plaintiff] owed a debt to the federal government," "2.4 hours of paralegal time to prepare an itemization of time spent," and "5 hours of law clerk time for legal research on 'duty to develop the record,' an issue that is not novel or unusual." (Def.'s Objection at 5, ECF No. 32.) These objections are overruled. The plaintiff argues persuasively that in the wake of Astrue v. Ratliff, 130 S. Ct. 2521 (2010), "any attorney deciding whether to undertake representation in a case such as the present one must take into account whether any EAJA fee award will be seized by the federal government and be offset against pertinent outstanding debts." (Pl.'s Reply at 18, ECF No. 33.) Thus, I find that it was reasonable for counsel to allocate 3.08 hours of paralegal time to this issue. I also find that it was reasonable to allocate 2.4 hours of paralegal time to the preparation of the fee request[4] and 5 hours of law clerk time to the record development issue.

The defendant also objects to the hourly rates listed for the plaintiff's law clerk and paralegals, arguing that it is inappropriate for the plaintiff to seek reimbursement at hourly rates of $25.00, $20.00, and $15.00, when he actually paid them at hourly rates of $12.00, $10.00, and $10.00, respectively. (Def.'s Objection at 5, ECF No. 32.) The Supreme Court has held, however, that the EAJA allows a prevailing party to recover fees for paralegal services at the prevailing market rate; the fee award is not capped by the actual costs to the party's attorney. Cf. Richlin Security Service Co. v. Chertoff, 553 U.S. 571, 573, 577 n.3, 590 (2008). I am not persuaded that fees for a law clerk's services should be governed by a different rule. Furthermore, I find that the rates sought by the plaintiff are both reasonable and consistent with the market rates in this district. E.g., Lacy v. Massanari, No. 4:01CV3000, 2002 WL 269382, at *3 n.1 (D. Neb. Feb. 26, 2002).

---

[4] It merits mention that the plaintiff has not sought to recover any attorney's fees for the preparation of the initial fee application.

Finally, the defendant argues that the EAJA award must be made payable directly to the plaintiff. I agree. Awards made under section 204(d) of the EAJA must be paid to the litigant. Astrue v. Ratliff, 130 S. Ct. 2521, 2524 (2010).

The plaintiff seeks an additional attorney's fee award of $1,416.38 for the drafting of his reply to the defendant's objections to the fee application. The fee is based on 7.8 hours of work at a rate of approximately $181.59 per hour. (See Pl.'s Reply at 21, ECF No. 33; Pl.'s Supp. Index, Ex. 7, Supp. Speicher Aff., ECF No. 34-1.) I find that this request is reasonable, and it will be granted.

In summary, the plaintiff is entitled to an award of attorney's fees in the amount of $5,646.99, paralegal fees in the amount of $609.60, and law clerk fees in the amount of $225.00, plus an additional attorney's fee in the amount of $1,416.38, for a total award of $7,897.97.

**IT IS ORDERED** that the plaintiff's application for fees under the Equal Access to Justice Act, ECF No. 29, is granted in part, and an award in the amount of $7,897.97 is to be paid directly to the plaintiff.

Dated January 18, 2011.

                                      BY THE COURT

                                      s/ Warren K. Urbom
                                      United States Senior District Judge